UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER K. VEALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 05-CV-0629-CVE-PJC |
| | ) |
| STANDARD INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for Remand (Dkt. # 6). Plaintiff originally filed a claim for breach of contract against the Standard Insurance Company ("Standard") in the District Court for Tulsa County on April 8, 2005. Pursuant to 28 U.S.C. § 1441, Standard filed a notice of removal within 30 days of service (Dkt. # 2). The jurisdictional basis for removal was diversity jurisdiction under 28 U.S.C. § 1332. On December 7, 2005, Plaintiff filed a motion to remand, claiming that she was not seeking damages in excess of $75,000.

**I.**

In her complaint, plaintiff alleges that Standard breached an insurance contract to provide her long-term disability benefits as required by the terms of insurance policy. Plaintiff was an employee of the University of Oklahoma, and was covered by a group policy for long-term disability benefits offered through her employer.[1] The complaint does not state the amount of benefits that plaintiff claims Standard wrongfully withheld, but states only that she is seeking damages in excess

---

[1] The Court assumes that the Employment Retirement Income Security Act, 29 U.S.C. § 1101 et seq. ("ERISA"), is inapplicable because the University of Oklahoma plan is a government plan. See 29 U.S.C. §§ 1002(32) & 1003(b)(1).

of $10,000.² However, plaintiff does allege that her disability began on April 30, 2002 and that Standard denied her claim for disability benefits on February 19, 2004. The complaint clearly states that plaintiff suffers from an ongoing disability and remains disabled at the present time. In her prayer for relief, plaintiff requests damages covering unpaid disability benefits from April 30, 2002 to the present.

In the notice of removal, Standard states that diversity jurisdiction exists because the parties are diverse and plaintiff is seeking damages in excess of $75,000. Citing plaintiff's group insurance policy, Standard claims that plaintiff would be entitled to $1,892 per month if the Court were to find she is entitled to benefits under the policy. The total amount for past benefits at the time Standard removed the case to federal court was $68,113. Standard relies on plaintiff's complaint to show that plaintiff seeks damages for a continuing disability which, under the policy, could entitle her to future damages of $240,908. In her motion for remand, plaintiff stipulates that she is not seeking damages in excess of $75,000 and limits her request for damages to unpaid benefits from April 30, 2002 to March 15, 2004.

## II.

A federal court must ensure that the prerequisites for subject matter jurisdiction have been met before it may exercise jurisdiction over a case. "Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings."

---

2    The Oklahoma Pleading Code does not allow a plaintiff to specify the amount of damages if plaintiff is seeking over $10,000 in tort actions. The plaintiff's demand for relief must "set forth only that the amount sought as damages is in excess of Ten Thousand Dollars ($10,000.00), except in actions sounding in contract." Okla. Stat. tit. 12, § 2008(A)(2). However, this was pled as a breach of contract action, and the damages pleading prohibition is inapplicable.

Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The court must dismiss the case if at any stage of the proceedings it becomes apparent that subject matter jurisdiction does not exist. Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). When a case is originally brought in federal court by a plaintiff, it is presumed that the plaintiff can meet the amount in controversy; however, in a removed case, the burden is on the defendant to prove that plaintiff's claim satisfies the jurisdictional amount in controversy requirement. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001).

Any statute that grants a federal court subject matter jurisdiction is narrowly construed, especially removal statutes. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005). In cases "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Martin, 251 F.3d at 1290 (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). When a case is removed to federal court, the defendant bears the burden to prove that both elements of diversity jurisdiction have been satisfied. Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1079 (10th Cir. 1999).

In Laughlin, the Tenth Circuit crafted an analysis to guide district courts when deciding whether a plaintiff's claim is seeking more than $75,000 in a removed action:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin, 50 F.3d at 873 (citations omitted). Diversity of citizenship and the amount in controversy "must be affirmatively established on the face of either the petition or the removal notice." Id. The

amount in controversy must be proven by a preponderance of the evidence. Martin, 251 F.3d at 1290.

If the complaint does not establish the jurisdictional amount in controversy on its face, the removing defendant must set forth facts in the notice of removal showing that the amount in controversy exceeds $75,000. The defendant must have more than a good faith belief that the amount in controversy exceeds $75,000, but must affirmatively allege facts sufficient to prove that the requisite amount in controversy is at issue. The Tenth Circuit's opinion in Laughlin implies that the removing defendant must offer an economic analysis of plaintiff's claim for damages to prove the jurisdictional amount when it is not apparent from the allegations in the complaint. Barber v. Albertsons, Inc., 935 F. Supp. 1188, 1192 (N.D. Okla. 1995).

In this case, plaintiff has submitted an affidavit with her motion to remand stating that she is not seeking more than $75,000 in damages, attorney's fees, and costs. This Court must make a jurisdictional determination based on the facts at the time the notice of removal was filed. The Tenth Circuit has clearly limited the district court's consideration to the allegations of plaintiff's complaint and the facts stated in the notice of removal. See Martin, 251 F.3d at 1291 n.4 ("We have held that '[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.'"); Laughlin, 50 F.3d at 873 ("Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice."). This reasoning is consistent with the Supreme Court's holding in St. Paul

Mercury Indemnity Company v. Red Cab Company, 303 U.S. 283 (1938), where the Supreme Court held that a post-removal amendment to plaintiff's complaint could not defeat diversity jurisdiction, if plaintiff's complaint established the existence of diversity of citizenship and the requisite amount in controversy. Id. at 293. The two federal circuit courts of appeals that have considered the issue directly have held that a plaintiff may not defeat diversity jurisdiction with a post-removal stipulation that she is not seeking more than $75,000. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868 (6th Cir. 2000) ("We conclude that post-removal stipulations do not create an exception to the rule articulated in *St. Paul*. Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction."); In re Shell Oil Company, 970 F.2d 355 (7th Cir. 1992) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."). Therefore, the Court will limit its consideration to the plaintiff's complaint and the facts stated in defendant's notice of removal.

Plaintiff seeks damages for long-term disability benefits that she believes Standard wrongfully denied her. The complaint states that plaintiff's disability began on April 30, 2002, and that "Plaintiff remains disabled as defined by the group policy described herein and continues to remain disabled." Complaint (Dkt. # 2-2), at ¶ 7. The complaint also states that "Plaintiff requests an award from this Court for any and all-long-term disability benefits which were due her under the policy described herein from April 30, 2002." Id. at ¶ 8. Standard interpreted these allegations to mean that plaintiff was seeking past and future benefits under the long-term disability policy. Although the complaint does not specifically state an amount, Standard notes that plaintiff would be entitled to $1,892 per month under the terms of the policy. At the time of removal, the total

5

amount of past unpaid benefits would have been $68,113.  Standard relied on plaintiff's complaint to include a reasonable amount for future unpaid benefits, which could total as much as $240,908 under the policy.  Plaintiff does not contest these factual allegations.

Plaintiff now seeks to revise the allegations in her complaint by stating that she is requesting damages only for a "closed" period, from April 30, 2002 to March 15, 2004.  This was not apparent in the text of the complaint, and the first time plaintiff raised this limitation was in her motion to remand.  Plaintiff has also included an affidavit with her motion to remand, which states she is "requesting actual damages, including reimbursement of costs and attorney's fees, not exceeding seventy five thousand dollars."  Affidavit of Heather K. Veale (Dkt. # 6-2).  The Court has already clarified that existing precedent does not allow it to consider new jurisdictional allegations outside of the complaint or the notice of removal.  <u>Miera v. Dairyland Ins. Co.</u>, 143 F.3d 1337, 1341 (10th Cir. 1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing.").  Standard has supplemented the clear allegations of the complaint with supporting facts that establish that the amount in controversy exceeded $75,000 at the time the case was removed.  Standard has met its burden to prove by a preponderance of the evidence that removal was proper and that this Court has subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand (Dkt. # 6) is **denied**.

**DATED** this 22nd day of June, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT